IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA J. SINGLETARY,

Petitioner,

v.                                                                    No. 15-0753-DRH

UNITED STATES OF AMERICA,

Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On July 13, 2015, Barbara Singletary filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1]  Singletary bases her motion on *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). On July 23, 2015, the Court ordered the government to respond to the motion on or before August 24, 2015 (Doc. 2). On August 24, 2015, the government filed a motion to dismiss (Doc. 3). Pursuant to Local Rule 7.1(c)(1), Singletary had thirty days after service to respond to the government's motion to dismiss. Singletary did not respond within the thirty day time limit. Therefore on September 30, 2015, the Court entered the following Order:

> This matter comes before the Court for case management. On August 24, 2015, respondent filed the motion to dismiss 3. As of this date, Singletary has not responded to the motion to dismiss and her response to the motion to dismiss is late. See Local Rule 7.1(c)(1).

---

[1] The envelope that Singletary's petition were mailed in indicates that the Section 2255 petition were mailed from Michael Chaney, Singletary's son, and not from Singletary. See Doc. 1-3. Also, the petition and the memorandum in support are signed "S/S."

> Thus, the Court ALLOWS Singletary up to and including October 13, 2015 to file a response to the motion to dismiss. The Court ADVISES Singletary that if she fails to respond on or before October 13, 2015 her petition will be dismissed with prejudice on the basis that the Court assumes that she admits the arguments contained in the motion to dismiss as the Court is allowed to do under the Local Rules. See Local Rule 7.1(c).

Doc. 4. As of this date, Singletary has not responded to the motion to dismiss despite the Court's specific warning to her regarding the ramifications of the failure to respond and allowing her additional time to respond.

Thus, pursuant to Local Rule 7.1(c), the Court finds Singletary's failure to respond as an admission of the merits of the government's motion to dismiss.[2] Based on the reasons contained in the motion to dismiss and Singletary's failure to respond, the Court grants the government's motion to dismiss and dismisses with prejudice Singletary's petition.

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of her *habeas* petition; she may appeal only those issues for which a

---

[2] Local Rule 7.1(c) provides in part: "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if she can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claim, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify her issue for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **GRANTS** the government's motion to dismiss (Doc. 3). The Court **DISMISSES** with prejudice Singletary's 28 U.S.C. § 2255 petition

and **DECLINES** to issue a certificate of appealablitly. Further, the Clerk of the Court is to enter judgment reflecting the same.

Finally, the Court notes that if Singletary wishes to appeal the dismissal of her petition, she may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

Signed this 18th day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.18 16:55:53 -05'00'

**United States District Judge**